1  MAURICE WAINER (State Bar No. 121678)
   SNIPPER, WAINER & MARKOFF
2  270 N. Canon Drive, Penthouse
3  Beverly Hills, CA  90210
   TELEPHONE: (310) 550-5770 ♦ FACSIMILE: (310) 550-6770
4  EMAIL: Mrwainer@swmfirm.com
5
   Attorneys for Plaintiff FEDERAL
6  DEPOSIT INSURANCE CORPORATION
7  as Receiver for INDYMAC BANK, F.S.B.
8
9                    UNITED STATES DISTRICT COURT
10                 CENTRAL DISTRICT OF CALIFORNIA
11

| 12  FEDERAL DEPOSIT INSURANCE CORPORATION as Receiver for INDYMAC BANK, F.S.B., | Case No.  SACV 11-1012-AG (MLGx) |
| 13 | |
| 14          Plaintiff, | PROTECTIVE ORDER |
| 15      vs. | |
| 16  ULTRA ESCROW, INC. a corporation, | |
| 17          Defendant. | |
| 18 | |

19          Pursuant to the stipulation between plaintiff FEDERAL DEPOSIT
20  INSURANCE CORPORATION as Receiver for INDYMAC BANK, F.S.B. and
21  defendant ULTRA ESCROW INC. (collectively the "Parties"), and being fully
22  advised by the Parties, and good cause appearing, the Court now
23  enters the following Protective Order:
24                         **PROTECTIVE ORDER**
25          The following restrictions shall be observed as to such properly
26  designated Confidential Information as may be produced in discovery by the Parties
27  to this litigation:
28

1    I.    **INTRODUCTION**

2         A.    **Definitions**

3              1.    "Confidential Document" means any document produced that

4    bears the stamp or legend specified in Section II, Designation of Confidential

5    Information, below, which signifies that the Designating Person contends that the

6    document contains Confidential Information (as Confidential Information is defined

7    in the next paragraph) entitled to confidentiality under established principles of law.

8              2.    "Confidential Information" means a trade secret or other

9    confidential commercial information, sensitive or proprietary business or financial

10   information, personal information, or information furnished to the party producing

11   the information in confidence by a third party. The following categories of

12   documents, while not exclusive, are deemed to contain Confidential Information:

13              a.    "Loan Origination Files" for the loans at issue in this

14                    litigation which include the borrower's private

15                    information, and other confidential or proprietary business

16                    records.

17              b.    "Loan Servicing Files" for the loans at issue in this

18                    litigation which will include the borrower's private

19                    information.

20              c.    "Foreclosure Files" for the loans at issue in this litigation

21                    which will include the borrower's private information.

22              d.    "Repurchase Demand Files" for the loans at issue in this

23                    litigation which will include the borrower's private

24                    information, confidential business records, and other

25                    proprietary information.

26              e.    "Personal Records" as defined by California Code of Civil

27                    Procedure §1985.3.

28              3.     "Document" or "Documents" means all written, recorded,

1   electronic or graphic material, whether produced or created by a party or another

2   person, and whether produced pursuant to document request, subpoena, by

3   agreement, or otherwise, and includes deposition transcripts and exhibits, where

4   applicable.

5           4.      "Designating Person" means the Party or Person who initially

6   produces the Document and marks it as "Confidential-Subject to Protective Order"

7   pursuant to this Protective Order.

8           5.      "Party" or "Parties" means any person or entity that is named as a

9   party to this litigation.

10          6.      "Person" means any natural person, or any legal or business

11  entity, profit or nonprofit organization, or any government agency.

12          7.      "Discovery Material" means: (a) all documents produced in this

13  action; (b) all deposition testimony taken in this action, exhibits thereto and any video

14  or transcripts thereof, whether in written or computer format; and (c) responses to

15  interrogatories, responses to requests for admission, and all other written discovery

16  served or filed in this action and all contents of such discovery.

17          8.      "Disclose" means to show, give, make available, reproduce,

18  communicate or excerpt any Discovery Material, or any part or contents thereof.

19      **B.**   **Good Cause**

20          This action involves a contract dispute between defendant ULTRA

21  ESCROW INC. and plaintiff FEDERAL DEPOSIT INSURANCE CORPORATION,

22  as Receiver for INDYMAC BANK, F.S.B. relating to  mortgage loans.  This

23  litigation will involve the review and analysis of Loan Origination Files, Loan

24  Servicing Files, Foreclosure files, Repurchase Demand Files and other Personal

25  Records of individuals who applied for and obtained mortgage loans at issue. Good

26  cause exists to grant the Parties' request for a Protective Order to (1) preserve the

27  privacy interests of third party borrowers; (2) protect the confidential business

28  records and proprietary information of the plaintiff and defendant; and (3) allow the

1   Parties to exchange information in the most expeditious fashion possible, with a

2   minimum burden, expense, dispute, and delay.  Pursuant to 15 U.S.C. § 6802(e)(8),

3   the production of non-public personal financial information, protected by the

4   measures set out in this Protective Order, shall not constitute a violation of the

5   Gramm-Leach-Bliley Act, 15 U.S.C. § 6801, et seq. (Marks v. Global Mortgage

6   Group, Inc., 218 F.R.D. 492, 496 (S.D. W.Va. 2003).)

7         **C.**     **Scope of Protective Order**

8          1.     This Protective Order applies to all Parties to this action and their

9   counsel as well as retained and non-retained experts and/or consultants.

10         2.     Nothing in this Protective Order shall require disclosure of any

11  information or material that is protected from disclosure by any applicable privilege.

12         3.     Any Party hereto may make a good faith objection to the

13  designation of any document, response, testimony, or information as "Confidential

14  Information" by the Designating Person, and may make a motion for an order

15  compelling disclosure of and/or access to such material without restriction, after

16  attempting to resolve the objection with the Designating Person. Applicable Federal

17  and/or California law shall govern the burden and standard of proof on any such

18  motion.  Prior to the submission of any such dispute to the Court, the challenging

19  Party shall provide written notice to the Designating Person of its disagreement with

20  the designation, and those Persons shall try first to resolve such a dispute in good

21  faith. Pending the resolution of any such objection or motion, any Discovery

22  Material, the confidentiality of which is disputed, shall remain subject to the terms of

23  this Protective Order.  A Party shall not be obligated to challenge the propriety of

24  information designed as Confidential Information at the time the designation is made

25  and failure to do so shall not preclude a subsequent challenge thereto.

26         4.     This Protective Order shall not abrogate or diminish any

27  contractual, statutory, or other legal obligation or right of any Party or Person with

28  respect to information designated as "Confidential Information" pursuant to this

1    Protective Order.  The fact that information is or is not designated as "Confidential

2    Information" under this Protective Order shall not determine what a trier-of-fact may

3    find to be confidential or proprietary.

4         5.    This Protective Order shall not govern the use by a Party of any

5    Discovery Material otherwise lawfully in its possession, notwithstanding the fact that

6    the Party either produces that Discovery Material in the course of discovery in this

7    action or receives a duplicate copy of that Discovery Material through discovery in

8    this action.

9         6.    The Parties may agree to accord Discovery Material produced in

10   this action even greater confidentiality protection than that provided in Section II of

11   this Protective Order, and nothing in the provisions of this Protective Order shall be

12   deemed to preclude any Person from seeking and obtaining from the Court such

13   additional protection with respect to the confidentiality of Discovery Material as may

14   be appropriate or necessary.

15        7.    Discovery Material shall not be disclosed to any Person or entity

16   except as expressly set forth herein. All Discovery Material produced or provided by

17   any Designating Person in connection with this litigation shall be used by the Parties

18   only for the purposes of this action, including depositions, motions, pre-trial

19   preparation, trial or appeal. Otherwise, except by order of the Court, such Discovery

20   Material shall not be used by any Party other than the producing Party for any other

21   purpose.

22        8.    Inadvertent production of privileged information shall not

23   constitute a waiver of any applicable privilege. Upon written notice by the producing

24   or designating Party that privileged information was inadvertently produced, all

25   Parties shall destroy or return all copies of the information to the producing or

26   designating Party within ten (10) days of such notice.

27   **II.    CONFIDENTIAL INFORMATION**

28        **A.    Designation of Confidential Information**

1          1.      A Designating Person, who reasonably believes in good faith that

2     a Document being produced contains Confidential Information, may designate such

3     Document as containing such information only by: (1) Bates stamping such

4     Document; and (2) stamping such Document with the following legend:

5     "CONFIDENTIAL INFORMATION."

6          2.      Failure of any Designating Person to designate Confidential

7     Information in the manner described in Paragraph 1 hereof shall not preclude any

8     Designating Person from thereafter in good faith making such a designation.

9     Documents and materials so designated shall be fully subject to this Protective Order

10    and treated thereafter according to the new or corrected designation.

11          **B.      Qualified Person Re Confidential Information**

12          Any document or other Discovery Material designated as "Confidential

13    Information" may be disclosed only to the following Persons and/or entities:

14          1.      The Court, its officers, jury, and any special master, referee, or

15    mediator authorized to act in this proceeding;

16          2.      Counsel of record for the Parties to this action, and their

17    employees or employee equivalents (e.g., legal assistants, secretaries, clerical staff,

18    copy vendors, etc.) who are regularly employed by such counsel and who are actively

19    engaged in assisting such counsel in this action;

20          3.      Court reporters, deposition reporters, and their staff, to the extent

21    necessary to perform their duties;

22          4.      Witnesses in the course of a deposition taken in this action;

23          5.      The Parties to this action, and those officers, directors, managing

24    agents, or employees of the Parties hereto who are actively engaged in the

25    preparation of this action for trial or for other resolution;

26          6.      Any retained or non-retained expert and/or consultant who is

27    engaged in the preparation of this action for trial or for other resolution and who

28    agrees in writing to be bound by the confidentiality requirements of this Order.

1  Prior to the provision of Confidential Information to any Person

2  identified in Paragraph 6 hereof, such Person shall be furnished with a copy of this

3  Protective Order and shall be required to certify in writing as set forth in the annexed

4  ACKNOWLEDGMENT OF PROTECTIVE ORDER AND AGREEMENT TO BE

5  BOUND, Exhibit A, that he or she has read the Protective Order, understands it, and

6  agrees to be bound by the terms thereof, including without limitation, the obligation

7  to protect Confidential Information from discovery by unauthorized co-employees

8  and third Persons.

9  **C.**   **Limited Use of Confidential Information**

10  Documents and Discovery Material designated "Confidential

11  Information" shall be used solely for this lawsuit, and shall not be used for any other

12  purpose, including, but not limited to, any other litigation, arbitration, or claim.

13  **D.**   **Filing Under Seal of Confidential Information**

14  If a Party desires to use a Confidential Document or Confidential

15  Information in support of a motion, opposition to a motion, or other document filed

16  with the Court, the Party shall accompany its papers with an Application to file the

17  Confidential Document under seal pursuant to the rules of this Court.   The

18  Application shall be directed to the judge to whom the motion, opposition or other

19  papers are directed. Pending the ruling on the Application, the papers or portions

20  thereof which are subject to the Application shall be lodged under seal.

21  **E.**   **Hearing Re Confidential Information**

22  Counsel for any Party may request that any hearing or testimony with

23  respect to information that has been designated "Confidential Information" by that

24  Party shall be held in camera and the transcripts thereof sealed as provided in Section

25  II, above, such that contents thereof shall not be disclosed to anyone other than the

26  counsel, Parties, and experts hereto, pending further order of the Court.

27  **F.**   **Depositions Re Confidential Information**

28  The Parties may use Confidential Documents and Confidential

1  Information during depositions in this action. In the event that any document or other

2  Discovery Material designated as "Confidential Information" is marked as an exhibit

3  in a deposition, or any question is asked at a deposition that calls for or requires the

4  disclosure of Confidential Information, any Party may request within twenty (20)

5  days after receipt of the transcript of the deposition (through written notice to all

6  Parties) that any portion of such deposition transcript relating to Confidential

7  Information be designated pursuant to this Protective Order.  If the designation is

8  made after the court reporter has prepared the transcript, each counsel shall be

9  responsible for appropriately labeling all of his or her copies of such deposition

10  transcript.

11        Any Party also may request at the deposition (through a notation on the

12  record) that the portion of the deposition transcript relating to such Confidential

13  Information be treated as follows:

14        The reporter shall separately bind the portion(s) of the transcript

15  containing Confidential Information, and any exhibit(s) to the deposition designated

16  as "Confidential Information," and shall mark such portion(s) and exhibit(s)

17  substantially as follows:

18  CONFIDENTIAL INFORMATION

19  FDIC v. ULTRA ESCROW, et al.

20  Case No. SACV 11-1012-AG (MLGx)

21  **III.**   **POST-DISCOVERY TREATMENT OF DESIGNATED**

22      **INFORMATION**

23      1.   This Protective Order shall not govern at trial.  The Parties to this

24  action shall attempt to agree on procedures to protect at trial the confidentiality of

25  information designated pursuant to this Protective Order and shall, prior to trial,

26  submit such proposed procedures to the Court for its approval or modification.

27      2.   Not later than thirty (30) days after the final disposition of this

28  litigation, including any appeals, all Discovery Material shall, at the option of the

8

Protective Order

1  Receiving Party, be returned to counsel for the Producing Party or to the Designating

2  Persons or destroyed and a certificate of destruction provided.  If any Discovery

3  Material is furnished under this Protective Order to any expert or to any other Person,

4  the attorney for the Party retaining such expert or furnishing the Discovery Material

5  shall be responsible to ensure that it is returned and disposed of pursuant to this

6  Protective Order.

7          3.      No part of the terms of this Protective Order may be terminated,

8  except by the written stipulation executed by counsel of record for each Party, or by

9  an order of this Court for good cause shown. This Protective Order shall survive any

10  final disposition of this case, and after termination of this action, the Court shall

11  retain jurisdiction to enforce or modify this Protective Order.

12          4.      If at any time any Confidential Information protected by this

13  Protective Order is subpoenaed or requested by any court, administrative or

14  legislative body, person or entity, other than a Party to this action purporting to have

15  authority to require the production of such information, the Party to whom the

16  subpoena or other request is directed shall immediately give written notice thereof to

17  any Party which has designated such information as Confidential Information so as to

18  advise such Party of the need to promptly obtain a protective order or act to quash the

19  subpoena.  The Party to whom the subpoena or other request is directed shall not

20  produce the Confidential information until the party seeking to maintain

21  confidentiality has had thirty (30) calendar days to obtain an appropriate order.

22          IT IS SO ORDERED.

23

24  DATED:  October 19, 2011          _____

25                                    MARC L. GOLDMAN
                                      United States Magistrate Judge

26

27

28

**Exhibit A**

**ACKNOWLEDGMENT OF PROTECTIVE ORDER
AND  AGREEMENT TO BE BOUND**

I, _____, declare that:

My address is _____; my present occupation
is _____; and I am currently employed by _____
_____.  I have been retained by _____
with respect to this litigation.

I have received a copy of the Protective Order in this action, and I have
carefully read and understand its provisions. I acknowledge that I am one of the
persons contemplated in Paragraph B.6 thereof as being able to be given access to
Confidential Information.

I will comply with all of the provisions of the Protective Order. I will hold in
confidence, will not disclose to anyone other than those persons specifically
authorized by the Protective Order, and will not copy or use for purposes other than
for this lawsuit any Confidential Information that I receive in this action, except to the
extent that such Confidential Information is or becomes public domain information or
otherwise is not deemed Confidential Information in accordance with the Protective
Order.

I agree to subject myself personally to the jurisdiction of the United States
District Court for the Central District of California for the purpose of proceedings
relating to my performance under, in compliance with, or violation of this Protective
Order.

I understand that disclosure of Confidential Information in violation of this
Protective Order may constitute contempt of court.

I declare under penalty of perjury that the foregoing is true and correct.
Executed:

_____
Print Name:

10
Protective Order